UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00031-JPH-MJD |
| ) | |
| JEFF H. MARTIN Clerk's Entry of Default ) | |
| entered on 4/18/2023., ) | |
| SUSAN M. MARTIN Clerk's Entry of ) | |
| Default entered on 4/18/23., ) | |
| RYAN PAUL PIERCE Clerk's Entry of ) | |
| Default entered on 4/18/2023., ) | |
| JOHN ALAN PIERCE Clerk's Entry of ) | |
| Default entered on 4/18/2023., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On January 19, 2023, Allstate Insurance Company filed a complaint against Defendants Jeff and Susan Martin and Ryan and John Pierce, seeking declaratory judgment. Dkt. 1. The Martins appeared by counsel but have not responded to the complaint or otherwise defended this case. Dkts. 12, 13. The Pierces have not responded or defended this case. On April 18, 2023, Clerk's entry of default was entered against all defendants. Dkt. 15. Allstate now seeks default judgment. For the reasons below, Allstate's motion for default judgment is **GRANTED**. Dkt. [16].

### A. Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry

of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was issued against all defendants, dkt. 15, and Allstate seeks default judgment, dkt. 16.  Therefore, the allegations in the complaint, when taken as true, establish liability.  *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  Here, however, Allstate seeks only a declaration that it is not liable for any claims or damages sought by the Martins as plaintiffs in the underlying action and is not obligated to defend Ryan and John Pierce in that underlying suit.  Dkt. 1 at 6, 7, 8, 9; dkt. 16 at 2.  Because this action seeks a declaratory judgment, Allstate "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires Allstate to establish the following for the grant of a default judgment: "(1) when and against what parties the default was entered; (2) the pleading as to which default was entered; (3) that the defaulting parties are neither infants nor incompetent; (4) that the defendants are not in military service; and (5) that notice has been served on the defaulting party."  *Firemen's Insurance Company of Washington, D.C. v. Swinney*, No. 1:17-cv-00573-TWP-TAB, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017).

2

Here, the Clerk issued entry of default against all defendants on April 18, 2023, "for failure to plead or otherwise defend" in response to Allstate's complaint.  Dkt. 15.  And Allstate submitted an affidavit stating that no defendants "are minors, incapacitated, and/or incompetent,"  nor is any defendant a member of the military or naval services.  Dkts. 19, 19-1, 19-2.  Allstate also filed Return of Service of Summons showing that the Complaint and Summons were served on the Pierces on January 25, 2023, via certified mail and on the Martins on February 6, 2023, via their attorney.  Dkts. 9, 10, 11.

### Conclusion

Allstate's motion for default judgment is **GRANTED**.  Dkt [16].  The Court **DECLARES** that: under Policy No. 102265027, Allstate Insurance Company has no liability for any claims or damages sought by the Martins as plaintiffs in *Jeff H. Martin and Susan M. Martin v. Ryan Paul Pierce and John Alan Pierce*, Cause No. 11D01-2211-CT-000875, nor is it obligated to defend Ryan and John Pierce in said suit.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 5/17/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RYAN PAUL PIERCE
4614 S. Whippoorwill Drive
Clay City, IN 47841

3

JOHN ALAN PIERCE
4614 S. Whippoorwill Drive
Clay City, IN 47841

All electronically registered counsel